## WILLIAMSON HEATER CO v RADICH

Ohio Appeals, 2nd Dist, Franklin Co
No 1901. Decided Mar 24, 1931

Morton, Irvine, Blanchard & Touvelle, Columbus, for Htr Co.

B. B. Friedman, Columbus, for Radich.

### THE FACTS ARE STATED IN THE OPINION.

BY THE COURT:

A motion for rehearing in this case has been presented. Counsel for plaintiffs argue that this court, in the former decision, did not consider the real question in the case, to-wit, the question of notice by the subcontractor of his claim. We will, therefore, reconsider the case in view of this question, and in the light of the claims of counsel made upon motion for rehearing. We adhere to the original opinion in this case that the Williamson Company was a subcontractor and not a material man. We cited in our original opinion the case of **Matsinger v The Lumber Company, 115 Oh St, 555.** We may repeat the first branch of this syllabus which is as follows:

"The provisions of §8312, GC, requires notice to be served on the owner of a structure being erected under a contract, apply to the contractor and subcontractor but not to material men."

This is not only the latest case but this quotation is from the syllabus and is, therefore, the law of the case.

Upon a reading of §8312 GC, we reach the conclusion that while the subcontractor is required under said section to serve his notice on the principal contractor he is bound to see that notice thereof is given to the owner. §8312 GC, requires notice upon the part of the subcontractor to be given. It is provided therein that:

"Until the statements provided for in the section are made and furnished in the manner and form as herein provided * * *

"The subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor until he shall have furnished such notice."

The burden of giving notice to the owner, therefore, rested upon the subcontractor as well as the principal contractor and unless such notice was given there could be no lien or action brought even by the subcontractor.

We, therefore, go to the petition to ascertain whether the petition shows that notice was given either by the principal contractor or the subcontractor of the subcontractor's lien.

There are no dates given in the petition in reference to service by the subcontractor of his lien. The averment of the petition is:

"That to secure payment for the furnishing and installation of said furnace, it (the subcontractor) served by registered mail an affidavit of contract showing the facts required by law."

It is further alleged in the petition that the subcontractor's contract was performed by the furnishing of material therein provided for on or about the 29th day of June, 1928; that an affidavit of a mechanic's lien was prepared and filed with the Recorder on the 28th day of August, 1928, and that on the 6th day of September notice thereof was given by registered mail to the owner.

The former portion of the petition was evidently intended by the pleader to be a statement of the preliminary notice. This allegation might have been required by a motion to make the petition more definite and certain and thereby compelled the pleader to add the date of the notice and the person served. This was not done. The question, therefore, recurs to this averment. It is clear that the petition must be liberally and not strictly interpreted. We are of opinion that the petition is sufficient as against a general demurrer as to the fact of the giving of the preliminary notice. The petition is, therefore, sufficient as against a general demurrer.

The judgment heretofore rendered should, therefore, be reversed and cause remanded to the Court of Common Pleas for further

proceedings.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.